# Joseph Fellows, Appellant, v. Cornelius Smith and John Stanley Smith.

*Deed—Rescission—Evidence—Fraud—Findings of fact.*

The Supreme Court will not reverse a decree dismissing a bill in equity filed to secure the cancelation of a deed given by a client to an attorney at law, where the court below finds upon sufficient evidence that the consideration for the deed was a fair one, and that there was no fraud, concealment or oppression in the transaction.

*Attorneys' fees—Contracts—Fairness—Cancelation of instruments—Reasonableness of consideration.*

A contract for an attorney's fee for $7,000, contingent on success in a suit to recover land worth from $10,000 to $12,000, the client being otherwise without means, and the parties dealing at arms' length, is not unconscionable, especially where the case was twice carried to the Supreme Court, and extended over some seven years.

In 1889 the alleged owner of land, whose title was being litigated, conveyed an undivided half to his attorney for fees, for $5,000, and in 1891 conveyed a one-quarter interest for $2,000, with an agreement that he was to be paid in addition $15.00 a month until the litigation was finished, which

made the total consideration about $2,800. In 1897 the owner conveyed a half interest for $6,000, claiming that the deed for the quarter interest was invalid. *Held,* that notwithstanding the owner testified the land was worth $50,000, it is not shown that the deed of the one-fourth interest was unfair as to its consideration, so as to authorize its cancelation.

Argued Feb. 22, 1899. Appeal, No. 379, Jan. T., 1898, by plaintiff, from decree of C. P. Lackawanna Co., May T., 1897, No. 11, dismissing bill in equity. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity brought to annul deed made by the plaintiff to John Stanley Smith, dated September 15, 1891, for an undivided one fourth of about sixty-one acres of land, and to compel a reconveyance to plaintiff.

PURDY, P. J., of the 22d judicial district, specially presiding, found the facts to be as follows :

In 1889, the plaintiff employed Cornelius Smith, one of the defendants, an attorney at law, to bring suit to recover this sixty-one acres of land situated within the corporate limits of the city of Scranton. On September 3, 1889, about the time of the institution of the action for the recovery of the land, the plaintiff gave his said attorney a judgment note for $7,000, which was entered of record the same day, and which, it is stated in the fourth paragraph of the plaintiff's bill, was to secure his compensation for professional services and expenditures in and about the prosecution of the suit. On November 5, 1889, the plaintiff conveyed to said Cornelius Smith an undivided half of the land then in suit for the consideration named in the deed of $5,000, which, if the land was recovered, was to apply on the $7,000 judgment. On September 15, 1891, the plaintiff conveyed to John Stanley Smith, who was then between seventeen and eighteen years of age, an undivided one fourth of the same land for the consideration of $2,000, to be paid by Cornelius Smith, without interest, only in case the property was recovered; and in addition to this $2,000, said Cornelius Smith was to pay the grantor $15.00 a month from September, 1891, until the termination of the ejectment suit then pending, and was also to discharge the plaintiff from liability to him for $104.25 that said Cornelius Smith had previously paid for him.

John Stanley Smith was made the grantee in this deed at the instance of his father, Cornelius Smith, and without the knowledge of the former or the payment by him of any part of the consideration.

The plaintiff has the receipt of Cornelius Smith for $1,800, dated December 30, 1889, to apply on the $7,000 judgment only in case of plaintiff's recovery of the land. The plaintiff alleges that this receipt was given at the time it bears date; while Cornelius Smith alleges that it was given subsequently to the conveyance by plaintiff to John Stanley Smith, and is for the balance of the consideration of $2,000, after deducting $200, which the plaintiff owed him on outside matters, and that the receipt was antedated to prevent interest that would otherwise accrue on the balance ($2,000), of the $7,000 judgment.

Sometime after the execution and delivery to Cornelius Smith of the deed to John S. Smith, and while it was yet in Cornelius Smith's possession, unrecorded, there was some conversation between the plaintiff and him respecting a surrender and cancelation of this deed, but this was not done. The plaintiff, however, says he supposed it was destroyed until he found it had been recorded.

After much litigation, extending over a period of six years, during which time the case was twice before the Supreme Court, the plaintiff's attorney, Cornelius Smith, succeeded in establishing the plaintiff's title to the land. The opinion of the Supreme Court affirming this title was filed October 7, 1895, and is reported in 170 Pa. 415.

On January 28, 1897, the plaintiff gave to H. N. Patrick, Esq., an option to purchase his interest in the property; and on February 6 following, he petitioned the court for satisfaction of the $7,000 judgment, the lien of which had been preserved by revival, alleging payment thereon of $5,000, as of November 5, 1889, and $1,800, as of December 30, 1889, and tender of balance, $424.90. This proceeding was withdrawn by plaintiff, but subsequently reinstated at the instance of Mr. Patrick, and under it the judgment was satisfied.

About February 6, 1897, the plaintiff made and executed to H. N. Patrick a general warranty deed for the land, excepting the interest conveyed to Cornelius Smith by the deed of November 5, 1889, and subject to some liens mentioned.

It was the agreement between the plaintiff and Mr. Patrick, after the discovery of the record of the deed to John S. Smith, that the consideration should be $6,000, if the plaintiff succeeded in defeating or setting aside the deed to John S. Smith, and $2,000 to $3,000 if unsuccessful in this.

There are many disputed questions of fact raised by the testimony taken, the solution of some of which we do not consider necessary to a determination of the issue raised by the pleadings.

It is disputed (1) as to the purpose of the $7,000 judgment; (2) whether the conveyance to Cornelius Smith was to cover his entire services and costs of litigation (if successful in the suit), or whether a balance of $2,000 was left owing to him on this account; (3) as to the payment of the consideration for the conveyance to John Stanley Smith; (4) as to the alleged agreement between the parties for canceling this conveyance; (5) as to the value of the premises covered by this conveyance.

The specific prayer of the plaintiff's bill is for a nullification of this deed of conveyance. The decree must substantially conform to the prayer of the bill, and the equitable process of the court cannot be employed to enforce a common-law right: Silvis v. Clous, 1 Pa. Superior Ct. 41. It is therefore useless to inquire as to the state of the accounts between these parties unless a decree is made in accordance with the prayer of the plaintiff's bill, and the equities of the defendants may require the payment of money by the plaintiff to be made a condition precedent to setting aside the conveyance. In fact, on the dismissal of the plaintiff's bill, such inquiry and determination would be extrajudicial, and could operate only as an embarrassment in future litigation, should such arise between the parties respecting these matters.

In our opinion it is proved that the $7,000 note was given to secure Cornelius Smith for his services and expenses in bringing and carrying on the ejectment suit, Mr. Smith so testifies, and in his sworn petition for satisfaction of the judgment Mr. Fellows states, " The consideration of said note was the legal services then rendered and to be rendered to the petitioner by Cornelius Smith in the case of Joseph Fellows v. F. E. Loomis," etc. And the fourth paragraph of the plaintiff's bill also states

that this note was given "to secure his (Cornelius Smith's) compensation for professional services and expenditures in and about the prosecution of said suit."

The amount seems large but at that time the parties were dealing at arms' length and Mr. Smith had the right to demand this sum if he chose to do so. The suit involved much labor and expense, and, considering the fact that there was little or no prospect of recovering anything from the plaintiff unless successful in the suit, we cannot say that the sum of $7,000 was an unconscionable one for the undertaking.

Whether the agreement, under which the deed of September 15, 1891, was made, was a fair one, depends mainly upon the value of the property at that time and not upon its present value. The plaintiff's title was subject to an incumbrance of $3,500 and he did not own the underlying coal. In 1889 he sold an undivided half of the land to Cornelius Smith for (so far as the consideration in the deed shows) $5,000, which if correct would seem to indicate the value placed upon the property by the parties at that time. In February or March, 1897, the plaintiff bargained the other half to H. N. Patrick for $6,000, with the agreement that if he failed to make title to that portion which is covered by the deed to John S. Smith he was to receive $2,800 to $3,000 only. Thus it appears that five years after the date of the John S. Smith deed, the value fixed by the plaintiff upon the property covered by it did not exceed $3,000. In view of these circumstances, the plaintiff's testimony fixing the value of the entire property at $50,000 must be taken with considerable allowance. The consideration mentioned in the deed is $2,000. But it appears that in addition to this, the grantor was to be paid $15.00 a month from September 15, 1891, until (as the sequel shows) October 7, 1895—over four years—and $104.25, making over $2,800. This shows that the sale to John S. Smith was as favorable to the plaintiff as the one to Mr. Patrick; and that the plaintiff will reap the benefit if this Smith deed is annulled. But if there is a bargain at $3,000 in this undivided one fourth of the land, where is the equity in transferring it from Mr. Smith to Mr. Patrick? If anything is due the plaintiff under the agreement of sale to John S. Smith, either upon the $2,000 consideration mentioned in the deed, or from any failure to furnish support to the plaintiff, he has the right of

action to recover it, but this is not the proper court in which to enforce that right. . . .

The eighth paragraph of the bill avers: " That the defendant Cornelius Smith took an undue, unfair and unlawful advantage of his relations with the plaintiff and of the plaintiff's condition and situation in procuring from him said conveyance aforesaid instead of destroying it as he had agreed to do, and that the plaintiff is justly and equitably entitled to have the same canceled and also to have a reconveyance of said premises from the defendants upon the payment by the plaintiff of the money received by him on account of the transaction up to the time when the defendant, Cornelius Smith, declared the agreement aforesaid rescinded." And the specific prayer of the bill is: " For a decree of this court adjudging his said conveyance and deed to the defendant, John Stanley Smith, to be wholly null and void, and that the same be canceled, and that the defendants be directed to reconvey their interest in the property herein described to the plaintiff."

### CONCLUSION OF LAW.

Finding, as we do, that the agreement under which the plaintiff conveyed the property in question to John Stanley Smith was fair and lawful and that this agreement was not rescinded it follows that the plaintiff's bill should be dismissed.

Now May 21, 1898, after hearing the testimony and arguments of counsel, upon due consideration thereof, it is ordered, adjudged and decreed that the complainant's bill be dismissed at his costs.

*Error assigned* among others was the decree of the court.

*J. H. Torrey*, with him *E. C. Newcomb*, for appellant, cited as to the legal presumption prevailing in the American courts with regard to conveyances from attorney to client: 2 Pomeroy on Equity Jurisprudence (1st ed.), sec. 960 ; Greenfield's Est., 14 Pa. 489 ; Miskey's App., 107 Pa. 611 ; Yardley v. Cuthbertson, 108 Pa. 395 ; Darlington's Est., 147 Pa. 624 ; Story's Equity Jurisprudence, sec. 310–11 ; Henry v. Raiman, 25 Pa. 354.

*C. Smith*, with him *J. Stanley Smith*, for appellee.—While the fact that the contract is one between attorney and client will change the burden of proof, it will not change the rule that nothing short of fraud or palpable mistake is ground for the rescission of an executed contract: Geddes's App., 80 Pa. 442; Stewart's App., 78 Pa. 88; Kisor's App., 62 Pa. 428; Phillips's App., 68 Pa. 130; Sproull's App., 71 Pa. 137; In re Harland's Accounts, 5 Rawle, 323.

OPINION BY Mr. CHIEF JUSTICE STERRETT, March 13, 1899:

This appeal is from the decree dismissing the bill wherein the plaintiff, averring fraud, etc., in the procurement of the deed from himself to John Stanley Smith, one of the defendants, prays that said deed be decreed null and void, and be surrendered for cancelation. In their answer the defendants deny the averments of fraud, etc., on which the prayer for relief is based.

The learned president of the 22d judicial district, who presided at the trial, in view of the facts found by him, came to the following general conclusion, "that the agreement under which the plaintiff conveyed the property in question to John Stanley Smith was fair and lawful, and that this agreement was not rescinded." Having reached that conclusion, he dismissed the bill. Legally and logically he could not have done anything else.

Our consideration of the record has fully satisfied us to the correctness of the learned trial judge's findings of fact, as well as the soundness of the general conclusion above quoted.

The specifications of error are seventeen in number. It would be neither interesting nor instructive to discuss them, or any of them; nor, in view of the conclusion properly reached by the court below, it is not at all necessary to do so. It is quite enough to say that upon the facts correctly found by the learned trial judge, the conclusion upon which he acted was clearly right.

Decree affirmed and appeal dismissed at appellant's costs.